COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
____ DIVISION
CIVIL ACTION NO. _____
*Electronically filed*

TONYA UNDERWOOD                                 PLAINTIFF

vs.                      **COMPLAINT**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY      DEFENDANT
     Serve:      Corporation Service Company
                 Registered/Process Agent
                 421 West Main Street
                 Frankfort, Ky 40601

\* \* \* \* \* \*

Comes the Plaintiff, Tonya Underwood, by counsel and for her cause of action herein, states as follows:

1. Plaintiff Tonya Underwood ("hereinafter Underwood") is, and was at all relevant times herein referred to, a resident of Fayette County, Kentucky.

2. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") is, and was at all relevant times herein referred to, an Illinois corporation whose principal office is in Bloomington, Illinois, and whose agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Defendant State Farm is, and was at all relevant times referred to herein, engaged in the business of selling and providing insurance coverage to citizens in Fayette County, Kentucky.

3. Geico Indemnity Company ("Geico") is, and was at all relevant times herein referred to, a corporation duly organized and licensed to do business in Kentucky and engaged in


EXHIBIT B

the business of selling and providing insurance coverage to citizens in Kentucky.

4. On or about June 27, 2019, at about 6:14 p.m. in Fayette County, Kentucky, Natasha Brown drove a vehicle in such a careless and negligent manner as to cause it to collide with the rear of a vehicle driven by the Plaintiff, Underwood, with such force that Underwood's vehicle then collided with another vehicle.

5. Natasha Brown was, at the time of the collision referred to above, insured under a policy of automobile liability insurance with Geico and under which policy the limits of liability coverage were $25,000.00.

6. Plaintiff, Tonya Underwood, was at the time of the collision referred to above, insured under two separate policies of insurance with the Defendant, State Farm, being policy numbers 3397-988-17 AND 161 2317-C03-17A, which among other coverages provided the Plaintiff with underinsured motorist coverage upon which policies premiums were paid and which policies were in full force and effect on the date of the collision referred to above.

7. Venue is proper before this Court.

8. This Court has personal jurisdiction over Defendant State Farm.

9. This Court has jurisdiction over the subject matter of this action.

10. As a result of the aforementioned collision caused by the negligence of Natasha Brown, Plaintiff sustained bodily injuries from the forces generated by the impact.

11. As a result of the aforementioned collision, the vehicle driven by Plaintiff was damaged.

12. As a result of the injuries to Plaintiff caused by Natasha Brown's negligence described herein, Plaintiff has incurred medical expenses and will incur medical expenses in the future.

13. As a result of the injuries to Plaintiff caused by Natasha Brown's negligence described herein, Plaintiff has incurred temporary and permanent bodily injury resulting in temporary and permanent functional impairment.

14. As a result of the injuries to Plaintiff caused by Natasha Brown's negligence described herein, Plaintiff has incurred pain and suffering, both physical and mental, and a reduction in her quality of life and will continue to incur pain and suffering and reduction in her quality of life in the future.

15. As a result of the injuries to Plaintiff caused by Natasha Brown's negligence described herein, Plaintiff has suffered a loss of income, both past and future, and loss of her power to labor and earn money, both in the past and future, and a diminution of her income potential.

16. As a result of the injuries to Plaintiff caused by Natasha Brown's negligence described herein, Plaintiff has suffered damages in an amount which exceeds the jurisdictional minimum of this Court and which damages exceed the limits of liability coverage available to Natasha Brown, under the policy of insurance with Geico, referred to above.

17. Geico has paid the full amount of its policy limits to Plaintiff.

## COUNT II

18. Plaintiff reiterates and incorporates by reference each and every allegation set forth in paragraphs 1-17 as if set forth completely herein.

19. Plaintiff has demanded payment from Defendant in accordance with the underinsured provision of both of its policies with the Plaintiff referred to above, and the Defendant has refused to pay Plaintiff in accordance with said coverages.

20. In both her demand and supplemental letter to Defendant, asking rationale for

Defendant's offer, Plaintiff stated, in part, that she underwent a serious shoulder surgery, has roughly $40,000.00 in medical bills, has over $83,000.00 in lost wages, works a manual labor job in which she uses her arm and does overhead work every day, is relatively young, and was taken off work for a year due to the injuries sustained in the wreck.

21. Regardless of the demand and supplemental letter asking for rationale for its offer, Defendant offers a sum of money less than the total of Plaintiff's medical bills and lost wages.

22. As response to the request for rationale for its offer, Defendant simply stated in a letter, "As previously discussed, we have considered over $40,000 in medical bills plus over $83,000 in lost wages. We feel based on our understanding of the injury and venue $120,000 exclusive of PIP is appropriate. If your client has any other medical documentation you wish for us to review, please provide."

23. Defendant's conduct in denying Plaintiff's claims and failing to make a reasonable settlement offer, without unreasonable delay, is so violative of its duty to act in good faith that it shocks the conscience and constitutes gross negligence and a reckless disregard of Plaintiff's rights as a claimant.

24. Defendant lacked a reasonable basis to deny Plaintiff's injury claim under each applicable policy.

25. Defendant knew it lacked a reasonable basis to deny payment. Defendant has acted recklessly with regard to whether it had a reasonable basis to deny or delay the claim until it does in fact pay Plaintiff's claim or continues to so act.

26. Defendant had a duty to act in good faith and to deal fairly with Plaintiff and to attempt

to effectuate a fair and reasonable settlement of Plaintiff's claims under KRS 304.12-230, the Unfair Claims Settlement Practices Act (UCSPA).

27. Defendant has refused to pay claims without conducting a reasonable investigation based upon all available information, in violation of KRS 304.12-230(4).

28. Defendant has not attempted, in good faith, to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear, in violation of KRS 304.12-230(6).

29. Defendant has compelled its insured, Plaintiff to institute litigation to recover amounts due under its insurance policies, in violation of KRS 304.12-230(7).

30. Defendant has failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement, in violation of KRS 304.12-230(14).

31. As a direct and proximate result of the aforesaid unfair and reckless acts of the Defendant, Plaintiff has suffered inconvenience, emotional and mental pain and suffering, financial distress, and worry in an amount in excess of the jurisdictional limits of this Court.

32. Defendant's violations of the UCSPA warrant punitive damages.

33. The aforesaid conduct of Defendant constitutes bad faith and a breach of its fiduciary duty to act in good faith and to deal fairly with its insured, the Plaintiff, as provided by common law.

34. Defendant lacked a reasonable basis to deny Plaintiff's claim, and Defendant knew or acted recklessly as to whether a reasonable basis existed to deny payment of her claim.

35. As a direct and proximate result of Defendant's bad faith, Plaintiff has been damaged in

an amount that exceeds the jurisdictional threshold of this Court.

36. Defendant's conduct constitutes reckless disregard for the rights of the Plaintiff, and constitutes gross negligence, warranting an award of punitive damages.

WHEREFORE, Plaintiff Tonya Underwood respectfully demands a trial by jury and judgment in her favor under each and every count of this complaint; for all damages and costs permitted by law, including but not limited to:

1. Judgment against the Defendant in an amount that will fairly and reasonably compensate her for all damages incurred as a result of Natasha Brown's negligence to the extent that such damages have not been compensated by Geico;

2. Compensatory damages for the following: her physical injuries; past, present and future medical expenses; other past, present and future out-of-pocket expenses; past, present and future pain and suffering; loss of income (past and future) and loss power to labor and impairment of her ability to earn money, both in the past and future; past, present and future mental and emotional distress, all to the extent that such damages have not been compensated by Geico;

3. Judgment against Defendant for damages sustained as a result of Defendant's violations of the Unfair Claims Settlement Practices Act and bad faith conduct, and pursuant to all other applicable law, including but not limited to damages for inconvenience, emotional pain and suffering, worry, and financial distress;

4. Punitive damages;

Package:000008 of 000009

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

Package : 000008 of 000009

5. Prejudgment and postjudgment interest as allowed by law; and

6. Any and all other relief to which Tonya Underwood may be entitled.

Respectfully submitted,

*/s/ Haley Prevatt*
Haley Prevatt
3399 Tates Creek Road, Suite 130
Lexington, Ky 40502
(859) 259-0083
haleyprevatt@prevattlawoffice.com
**COUNSEL FOR PLAINTIFF**